**SO ORDERED.**

**SIGNED this 07 day of February, 2011.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

Not designated for on-line or print publication

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:** | |
| ALBERT JAMES GARCIA and<br>DANNA SHEA GARCIA,<br><br>DEBTORS. | CASE NO. 10-21535<br>CHAPTER 7 |

### MEMORANDUM OPINION AND JUDGMENT
### SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTION

The matter under advisement is the Chapter 7 Trustee's objection to Debtors' claim of exemption of a $3,849.90 balance in a bank account as retirement funds, pursuant to K.S.A. 60-2308 and K.S.A. 60-2313(a)(1).[1] For the reasons stated below, the Court sustains the objection.

---

[1] Doc. 19.

The parties have stipulated to the relevant facts.[2] They are as follows:

1. Debtor Danna Garcia terminated her employment with Wal-Mart in March, 2010.

2. As a result of her termination, she received from her Wal-Mart 401(k) plan a distribution of $7,401.97 on April 26, 2010. She deposited those exact funds into her checking account no. xxxxx1267 at Bank Midwest on April 28, 2010.

3. Before the above referenced deposit was made there was $76.22 in said referenced account.

4. The Debtors filed their bankruptcy petition on May 6, 2010.

5. The balance in the above referenced account on the date of filing was $3,849.90.

6. The Debtors claimed that the money in the above referenced account was exempt as retirement money pursuant to K.S.A. 60-2308 and K.S.A. 60-2313(a)(1).

7. Danna Garcia had sixty (60) days from April 26, 2010 to roll all or a portion of her retirement money into an IRA pursuant to IRC 408.8. Danna Garcia did not roll any of the proceeds of her 401(k) account into an IRA within sixty (60) days after April 26, 2010.

**ANALYSIS.**

Debtors claim the balance of the account exempt under K.S.A. 60-2308(b) and K.S.A. 2313(a)(1). K.S.A. 60-2308(b) provides:

---

[2] Doc. 51.

2

> (b) Except as provided in subsection (c), any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified under sections 401(a), 403(a), 403(b), 408, 408A or 409 of the federal internal revenue code of 1986 and amendments thereto shall be exempt from any and all claims of creditors of the beneficiary or participant. Any such plan shall be conclusively presumed to be a spendthrift trust under these statutes and the common law of the state.

K.S.A. 60-2313(a)(1) provides:

> (a) Except to the extent otherwise provided by law, every person residing in this state shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state:
>
> (1) Any pension, annuity, retirement, disability, death or other benefit exempt from process pursuant to K.S.A. 12-111a, 12-5005, 13-1246a, 13-14,102, 13-14a10, 14-10a10, 20-2618, 72-1768, 72-5526, 74-4923, 74-4978g, 74-49,105 or 74-49,106, and amendments thereto.

As the Debtors concede, there are a number of cases holding under Kansas law that retirement funds which were received by the debtors prepetition but more than sixty (60) days prior to the filing of the petition do not retain their exempt status. *Carbaugh*,[3] a Tenth Circuit BAP decision, is representative. In December, 1997 debtor Carbaugh retired and received a lump sum distribution of almost $100,000 from his employer's retirement plans. He placed the funds in an investment account and claimed them as exempt retirement funds when he filed for relief under Chapter 7 in October, 1999. The bankruptcy court held the funds in the account were not exempt under Kansas law, and

---

[3] *In re Carbaugh*, 278 B.R. 512 (10th Cir. BAP 2002).

the BAP affirmed.  In support of exemption, *Carbaugh* relied on the Kansas retirement exemption, K.S.A. 60-2308(b).  The BAP noted that the subsection "is in the disjunctive; it protects either money or assets payable from a qualified retirement plan or an interest of a participant or beneficiary in a qualified retirement plan."[4]  Since the account in issue was an investment account, it did not fit within the later part of the statue.  As to the first portion, the BAP applied the interpretation of the Kansas courts that "payable" refers to funds which will be paid in the future.  Since the funds in the investment account have already been paid to the debtor, they were not exempt.

To avoid the result of *Carbaugh*, the Debtors argue that the funds are nevertheless exempt under Kansas law because the "Internal Revenue Code 408 provides for the establishment and operation of individual retirement accounts,"[5] including those established by rollover of distributions from employer sponsored accounts.  They argue that there is a 60 day window for rollovers, that the 60 days had not expired when they filed for relief, and that they did not rollover the funds postpetition "because the trustee had indicated an interest in those funds and an intention to seek a turnover of those funds."[6]  Debtors cite no authority in support of their position.  The Trustee responds to Debtors' argument by pointing out that it was Debtors' decision to take the distribution and not rollover the funds into an IRA before filing.  He also asserts that the facts

---

[4] *Id*. at 522.

[5] Doc. 51-1, p. 1.

[6] *Id*.

4

"support the inference the they wanted to have the funds available for their personal non-retirement purposes, and never intended to roll them into an IRA."[7]

The Court finds that whether or not Debtors intended to rollover the funds into an IRA is irrelevant. Under the Code, exemptions, like property of the estate, are determined as of the date of filing the petition. Section 522(b)(2)(A) provides that a debtor may exempt property under state law "applicable on the date of filing the petition at the place in which debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition."[8] On the date of filing the petition, Debtors' interests in the funds in the deposit account were not exempt under Kansas law. The funds had been distributed by the former employer on April 26, 2010; and deposited into account no. xxxxx1267 at Bank Midwest two days later. On May 6, 2010, when Debtors filed for relief, the funds were not "payable" within the meaning of K.S.A. 60-2308,[9] and they had not been rolled into an IRA account. The funds in the account were not exempt under Kansas law as of May 6, 2010.

---

[7] Doc. 55, p. 1.

[8] *See Wolf v. Salven (In re Wolf)*, 248 B.R. 365, 367 (9th Cir. BAP 2000) (a debtor may exempt any property that is exempt under state law in effect on the petition date).

[9] *In re Carbaugh*, 278 B.R. at 512.

5

Case 10-21535    Doc# 57    Filed 02/07/11    Page 5 of 6

**CONCLUSION.**

For the foregoing reasons, the Trustee's objection to Debtor's claim of exemption to funds on deposit in checking account no. xxxxx1267 at Bank Midwest on May 6, 2010 is sustained.

**JUDGMENT.**

Judgment is hereby entered sustaining the Trustee's Objections to Property Claimed as Exempt, filed as document 19.

**IT IS SO ORDERED.**

###